# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HESANO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>IOVATE HEALTH SCIENCES, INC.; IOVATE HEALTH SCIENCES U.S.A., INC.; and IOVATE HEALTH SCIENCES GROUP, INC., n/k/a KERR INVESTMENT HOLDING CORP,<br><br>　　　　　　　　　Defendants. | CASE NO. 13cv1960-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Complaint and Motion to Strike Class Allegations ("Motion to Dismiss"), filed by all Defendants. (ECF No. 8).

## I. Background

On August 22, 2013, Plaintiff Patrick Hesano initiated this action by filing a Class Action Complaint ("Complaint") in this Court. (ECF No. 1). The Complaint alleges that Defendants used false, fraudulent and misleading advertising in marketing and labeling Defendants' dietary supplement product, Six Star Pro Nutrition N.O. Fury ("Product"), which Plaintiff purchased on May 29, 2013. The Complaint alleges that Defendants falsely claim that use of the Product will "provide increased formation of Nitric Oxide in the blood, increase[d] circulation of oxygen and nutrients, enhance[d] athletic performance, increase[d] lean muscle mass, and provide muscle 'pumps.'" *Id*.

¶ 4. The Complaint alleges that Plaintiff "paid more for the Product, and would have been unwilling to purchase the Product at all, absent the false and misleading labeling." *Id.* ¶ 64. In the Complaint, Plaintiff seeks certification of the following Class: "All Persons in the State of California who have spent money purchasing the Product from Defendants from four years from the first-filed complaint in this action until the final disposition of this and any and all related cases." *Id.* ¶ 71. The Complaint alleges four causes of action: (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (3) violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; and (4) breach of express warranty. The Complaint seeks compensatory, statutory and punitive damages, injunctive relief, and attorney's fees and costs. The Complaint alleges subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On October 21, 2013, Defendants filed the Motion to Dismiss. (ECF No. 8). Defendants contend that the Complaint is subject to dismissal for the following reasons:

> Although Plaintiff's claims for relief are all fundamentally based on the allegations that there is no scientific substantiation for the claims made on the packaging of, and advertisements for, the Product, Plaintiff may not pursue any claims based upon lack of substantiation. Second, in order to have standing to bring a UCL, FAL, or CLRA claim, Plaintiff must plead that he relied on the allegedly misleading materials. Plaintiff has failed to adequately do so.... Third, although the Complaint alleges, *inter alia*, that the Product falsely claims that it 'enhance[s] athletic performance,' the Complaint does not actually allege that Plaintiff even attempted to ingest any of the Product caplets prior to commencing this action.... Fourth, the claims that are premised upon a violation of either federal law or California's Sherman Law, Cal. Health & Safety Code § 109875 *et seq.*, are subject to preemption.

(ECF No. 8-1 at 6-7). Defendants move to strike the class allegations on the basis that Plaintiff is an inadequate class representative and the Complaint references class members outside the State of California.

On November 11, 2013, Plaintiff filed an opposition to the Motion to Dimiss. (ECF No. 9). Plaintiff contends:

> Defendants ... attempt to complicate this otherwise straightforward issue with a kitchen-sink approach to briefing, arguing lack of substantiation, insufficient reliance, failure to ingest the product, federal preemption, and inadequate class representation.... [Defendants]' arguments misconstrue or otherwise distort the allegations in the Complaint. Thus, they should be rejected, permitting the parties to move into the next phase of the litigation.

*Id*. at 9.

On November 18, 2013, Defendants filed a reply brief. (ECF No. 10).

## II. Motion to Dismiss

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

**B.     Lack of Substantiation**

Defendants contend: "Plaintiff's claims for relief are all fundamentally based on the allegations that there is no scientific substantiation for the claims made on the packaging of, and advertisements for, the Product. Indeed, the Complaint expressly alleges lack of substantiation in paragraph 66. Plaintiff, however, may not pursue any claims based upon lack of substantiation."[1] (ECF No. 8-1 (citations omitted)). Plaintiff contends: "Although Defendants are correct that a substantiation theory is not cognizable under California law, they are wrong that Plaintiff is relying on the theory here. Plaintiff's Complaint makes allegation of a straight-forward case of false advertising under the CLRA, the UCL and the FAL." (ECF No. 9 at 11).

The parties agree that a lack-of-substantiation theory is not cognizable under

---

[1] Paragraph 66 of the Complaint states: "Instead of receiving a product that had actual and substantiated healthful or other beneficial qualities, the Product Plaintiff and the Class received was one that did not provide any of the claimed benefits." (ECF No. 1 ¶ 66).

1  California law. *See Bronson v. Johnson & Johnson, Inc.*, No. C12-4184-CRB, 2013
2  WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013) ("Claims that rest on a lack of
3  substantiation, instead of provable falsehood, are not cognizable under the California
4  consumer protection laws. Challenges based on a lack of substantiation are left to the
5  Attorney General and other prosecuting authorities; private plaintiffs, in contrast, have
6  the burden of proving that advertising is actually false or misleading.") (citing, *inter*
7  *alia*, *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012)
8  (collecting cases)). "A claim can survive a lack of substantiation challenge by, for
9  example, alleging studies showing that a defendant's statement is false." *Bronson*, 2013
10 WL 1629191, at *8; *see also In re Clorox Consumer Litig.*, 894 F. Supp. 2d at 1232-33
11 (denying defendant's motion to dismiss on a lack of substantiation challenge where
12 plaintiffs alleged two scientific studies contradicting defendant's advertising).
13     The Complaint alleges multiple specific claims by Defendants and alleges that
14 each of the statements are false. (ECF No. 1 ¶¶ 39-41). The Complaint cites multiple
15 specific scientific studies which Plaintiff alleges contradicts Defendants' claims. *Id.* ¶¶
16 37-38, 42-63. The Court finds that the Complaint adequately alleges that Defendants'
17 claims are objectively false based upon scientific studies. *See In re Clorox Consumer*
18 *Litig.*, 894 F. Supp. 2d at 1233 (denying motion to dismiss because "Plaintiffs do more
19 than allege that there is no competent scientific evidence to support [Defendant]'s
20 claims; they allege that the competent scientific evidence shows that [Defendant]'s
21 claims are objectively false"). To the extent Defendants contend that the Complaint
22 should be dismissed because it relies upon a lack of substantiation theory, the Motion
23 to Dismiss is denied.
24     **C.    Standing**
25     Defendants contend that "Plaintiff lacks standing under the UCL, the FAL, or the
26 CLRA because of the lack of non-conclusory allegations of reliance." (ECF No. 8-1
27 at 10). Plaintiff contends that he has sufficiently pled reliance.
28     "In order to have standing to bring a UCL, FAL, or CLRA claim, Plaintiffs must

plead that they relied on the misleading materials. A plaintiff is not permitted to support a claim alleging misleading product packaging with statements that he never read or relied upon when making his purchase." *Bronson*, 2013 WL 1629191, at *2 (quotation and citations omitted); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) ("We conclude that a class representative proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions."). Because Plaintiff's claims are based upon alleged fraudulent misstatements by Defendants, Plaintiff must satisfy the pleading standard of Rule 9(b). *See In re Actimmune Mktg. Litig.*, No. C08-2376-MHP, 2009 WL 3740648, at *8 (N.D. Cal. Nov. 6, 2009) ("[P]laintiffs' claims under the fraudulent prong of the UCL—which are predicated entirely on misstatements made by defendants—unmistakably sound in fraud and thus must be pled with specificity."), *aff'd*, 464 F. App'x 651 (9th Cir. 2011).

The Complaint alleges that Plaintiff "purchased the Product for his own use ... from the CVS online store, www.cvs.com" on May 29, 2013. (ECF No. 1 ¶ 19). The Complaint alleges that Plaintiff "reviewed the Product's label, as well as the CVS website prior to purchasing the Product from the CVS online retail store." *Id.* ¶ 24. The Complaint alleges that "Defendants make the following false, fraudulent, misleading, unfair, and deceptive label claims regarding the Product," and quotes five specific claims, and reproduces a photo of the Product label. Id. ¶ 39. The Complaint alleges that "Defendants use the following false, fraudulent, misleading, unfair, and deceptive claims at the point of purchase for the Product on the retail website www.cvs.com," and quotes eight specific claims. *Id.* ¶ 40. The Complaint alleges that Plaintiff "reasonably relied on the information provided by Defendants when making the decision to purchase the Product"; Plaintiff "would not have purchased the Product absent these claims and advertisements"; and "Plaintiff ... paid more for the Product, and would have been unwilling to purchase the Product at all, absent the false and misleading labeling

complained of herein." *Id.* ¶¶ 25, 64.

The Court finds that Plaintiff has adequately alleged reliance upon specific representations on the Product label and the CVS website. *See Delacruz v. Cytosport, Inc.*, No. C11-3532-CW, 2012 WL 1215243, at *8 (N.D. Cal. Apr. 11, 2012) (holding that allegations that plaintiff "read and relied on the misleading label on the [product] containers, resulting in her economic harm" is adequate to allege reliance); *see also Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272-PSG, 2013 WL 4083218, at *3 (N.D. Cal. Aug. 9, 2013) ("Plaintiffs must demonstrate they have both Article III standing, as well as 'economic injury' under the UCL, FAL, and CLRA.... Plaintiffs have alleged that they purchased each of the 13 food products named, read the labels and were misled, and spent money purchasing those products that they otherwise would have saved had they not been deceived. This is sufficient to establish individual standing as to these products.") (citations omitted). To the extent Defendants contend that Plaintiff lacks standing, the Motion to Dismiss is denied.

### D. Whether Plaintiff Ingested the Product

Defendant contends that "Plaintiff should be required to amend the Complaint in order to address explicitly whether or not Plaintiff ingested the Product that he allegedly purchased 'for his own use' and, if so, what effect, if any, he detected regarding his consumption of the Product in regards to his 'athletic performance.'" (ECF No. 8-1 at 11-12 (quoting ECF No. 1 ¶¶ 4, 19)). Plaintiff contends: "Defendants' attack confuses the issues here. Plaintiff is not seeking to recover for personal injuries personally or on behalf of the putative class. Thus, the fact of ingestion of the Product is simply not relevant to the economic injuries that are derived from Plaintiff's purchase, not from his ingestion." (ECF No. 9 at 15-16).

The Complaint alleges economic injury only. To allege an economic injury sufficient to establish standing under California law, it is sufficient if a plaintiff alleges that he or she would not have purchased the goods in question absent the misrepresentations at issue. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 330

(2011) ("A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of [UCL] section 17204 by alleging, as plaintiffs have here, that he or she would not have bought the product but for the misrepresentation. That assertion is sufficient to allege causation—the purchase would not have been made but for the misrepresentation. It is also sufficient to allege economic injury."); *see also* ECF No. 1 ¶ 64 (alleging that Plaintiff "paid more for the Product, and would have been unwilling to purchase the Product at all, absent the false and misleading labeling complained of herein"). To the extent Defendants contend that Plaintiff is required to plead whether Plaintiff ingested the Product, the Motion to Dismiss is denied.

### E. Preemption

Defendants contend that, to the extent the first cause of action alleges that Defendants' conduct is "unlawful" under the UCL because it violates the federal Food, Drug and Cosmetic Act ("FDCA"), the claim is preempted. Plaintiff contends that "[p]lausible allegations that food labeling violates the FDCA are sufficient to state a claim under the unlawful prong of the UCL," and are not preempted. (ECF No. 9 at 16).

"Federal preemption can be either express or implied." *Chicanos Por la Causa, Inc. v. Napolitano*, 544 F.3d 976, 982 (9th Cir. 2008). "Courts begin their analysis 'with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Bronson*, 2013 WL 1629191, at *3 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). "Federal preemption is an affirmative defense upon which the defendants bear the burden of proof." *Bruesewitz v. Wyeth LLC*, 131 S. Ct. 1068, 1087 n.2 (2011) (quotation omitted).

The FDCA prohibits the misbranding of food. The FDA has promulgated regulations pursuant to its authority under the statute. *See, e.g.*, 21 C.F.R § 101.1, *et. seq*. Congress amended the FDCA in 1990 through the passage of the Nutritional

Labeling and Education Act ("NLEA"). "The purpose of the NLEA was to clarify and to strengthen FDA's authority to require nutrition labeling on foods, and to establish the circumstances under which claims may be made about the nutrients in foods." *Bronson*, 2013 WL 1629191, at *3 (quotations omitted). The FDCA sets guidelines for when food is "misbranded." 21 U.S.C. § 343. This includes when food "labeling is false or misleading in any particular." *Id.* § 343(a)(1).

The FDCA contains an express preemption provision, which states that "no State or political subdivision of a State may directly or indirectly establish" any requirement for a food or for the labeling of a food which is not identical to the requirements of the FDCA. 21 U.S.C. § 343(a)–1(a). "In other words, states may not adopt food labeling requirements governed by the NLEA that are different from, or additional to those imposed by the federal statutory scheme." *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272-PSG, 2013 WL 4083218, at *5 (N.D. Cal. Aug. 9, 2013) (citations omitted). The FDCA also contains a provision that gives rise to implied preemption: "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). "The effect of this provision is that there is no private right of action to enforce the FDCA." *Trazo*, 2013 WL 4083218, at *5. "[T]he rule that emerges from cases discussing the FDCA's preemptive force is as follows. To avoid express preemption under Section 343–1(a), the plaintiff must be suing for conduct that *violates* the FDCA. However, the plaintiff must not be suing solely *because* the conduct violates the FDCA, else his claim would be impliedly preempted under Section 337(a)." *Id.* (citations omitted).

The Sherman Food, Drug, and Cosmetic Act ("Sherman Law") has adopted wholesale the food labeling requirements of the FDCA and NLEA as "the food labeling regulations of this state." Cal. Health & Safety Code § 110100. The Sherman Law declares any food to be "misbranded" if it is "false or misleading in any particular," and/or if the labeling "does not conform with the requirements for nutrition labeling" set forth in certain provisions of the NLEA. Cal. Health & Safety Code §§ 110660,

110665, 110670. In California, "[a]ny unlawful business practice, including violations of the Sherman law, may be redressed by a private action charging unfair competition in violation of [the UCL]." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 210-11 (1983) (superseded on other grounds). The Complaint's first cause of action for violations of the UCL adequately alleges that Defendants' conduct violates specific provisions of the FDCA and its implementing regulations, as well as the Sherman Law. (ECF No. 1 ¶¶ 82, 83). Based upon the allegations of the Complaint, the Court finds that Defendants have failed to show that the first cause of action is expressly preempted under Section 343–1(a). *Cf. Trazo*, 2013 WL 4083218, at *5 ("To avoid express preemption under Section 343–1(a), the plaintiff must be suing for conduct that *violates* the FDCA.") (citation omitted).

"As for the implied preemption provision [i.e., 21 U.S.C. § 337(a)], the plain language prohibits private enforcement of the FDCA, but does not apply this ban to parallel state statutory schemes. The FDCA therefore does not preclude states from adopting their own parallel laws and adopting a different mechanism for enforcing those laws. California chose to exercise this right by enacting the Sherman Law and allowing private plaintiffs to enforce that law through the UCL." *Trazo*, 2013 WL 4083218, at *6. Defendants have failed to show that suits exclusively under state law, such as the UCL, CLRA and FAL claims alleged in the Complaint, are impliedly preempted. *See id.* ("While state law tort actions cannot be used to improperly intrude on the FDA's exclusive jurisdiction, Plaintiffs here sue under state law—namely, the Sherman Law, UCL, FAL, and CLRA—and so their claims are not impliedly preempted."). To the extent Defendants contend that Plaintiff's first cause of action is preempted, the Motion to Dismiss is denied.

### III.   Motion to Strike

#### A.   Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Id.* (quotation omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quotation omitted). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010) (citation omitted). "In most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *3 (N.D. Cal. Oct. 4, 2013) (quotation omitted).

### B.     Plaintiff's Adequacy as a Class Representative

Defendants contend that "Plaintiff is in inadequate class representative as a matter of law based on facts that this Court can and should take judicial notice of." (ECF No. 8-1 at 14). Defendants contend that because the Complaint alleges that Plaintiff purchased the Product on May 29, 2013, and Plaintiff's attorney sent a demand letter and proposed complaint on June 19, 2013, Plaintiff "lacks credibility as to his alleged usage of the Product because he inexplicably failed to use the Product for any appreciable period of time as one would expect from reading the directions on the Product label and/or failed to use the Product at all prior to commencing the instant action." *Id.* at 15. Plaintiff contends that Defendant's argument "is predicated upon Plaintiff's ingestion of the Product which ... is not at issue in this litigation. Though Defendants devote several pages and *two* separate sections of their memorandum to their alleged 'ingestion' requirement, they are unable to cite to a single case in any

jurisdiction supporting the proposition that product ingestion is of any relevance in a false advertising case." (ECF No. 9 at 21).

Defendants cite three cases in support of its motion to strike the class allegations on the basis that Plaintiff is an inadequate class representative. (ECF No. 8-1 at 14-15 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992); *Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558 (S.D. Cal. 2012); *Washington v. Joe's Crab Shack*, 271 F.R.D. 629 (N.D. Cal. 2010)). Each of these cases addressed this issue in the context of a motion for class certification pursuant to Federal Rule of Civil Procedure 23, rather than a motion to dismiss or strike pursuant to Federal Rule of Civil Procedure 12. After review of the Complaint, the Court finds that Plaintiff has alleged each of the elements necessary for class certification pursuant to Federal Rule of Civil Procedure 23. (ECF No. 1 at ¶¶ 71-78). The Court finds that, based upon the record in this case, issues related to Plaintiff's adequacy as a class representative are more appropriately reserved for a motion for class certification. *See Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012) ("Determining whether to certify a class is normally done through a motion for class certification under Rule 23.... The Court finds that class suitability issues are best resolved during a motion for class certification. As a result, so long as class action allegations address each of the elements of Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent, the court should find that the allegations are sufficient to survive a motion to strike.") (citations omitted); *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) ("Defendant relies on cases addressing whether a class should be certified, not whether class action allegations in a complaint should be stricken. Defendant's motion is premature.... Viewing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's class allegations are sufficient to survive a motion to strike. Whether Plaintiff will be able to succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date."). To the extent Defendants contend that Plaintiff is an inadequate class representative, the motion to

strike is denied.

### C. Nationwide Class Allegations

Defendants contends that "although the Complaint defines the class sought to be certified as a California class, there are multiple references to nationwide purchases of the Product at issue indicating that the Complaint seeks to certify a nationwide class. In this regard, the class allegations should be struck." (ECF No. 8-1 at 16). Plaintiff concedes that Defendants' contention is correct. (ECF No. 9 at 21). Plaintiff states: "The references to nationwide products were made because the product was distributed at a nationwide level; however, Plaintiff is not seeking certification of a nationwide class.... Plaintiff does believe that the references to a nationwide class should be stricken from ¶¶ 2, 18, and 74 of the Complaint in order to conform to the Class Allegations as defined in ¶ 71 and in order to properly create a California Class." *Id*. at 22. Based upon the agreement of the parties, the references to a nationwide class in paragraphs 2, 18 and 74 of the Complaint are stricken.

### IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Complaint and Motion to Strike Class Allegations is GRANTED in part and DENIED in part. (ECF No. 8). The references to a nationwide class in paragraphs 2, 18 and 74 of the Complaint are stricken; in all other respects, the Motion to Dismiss Complaint and Motion to Strike Class Allegations is denied.

DATED: January 15, 2014

**WILLIAM Q. HAYES**
United States District Judge